# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CHRISTIE WYATT,
　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
DC-0752-19-0176-I-1

DATE: May 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christie Wyatt</u>, Woodbridge, Virginia, pro se.

<u>Kristen L. Walsh</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal as untimely filed. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The agency removed the appellant from her EAS-23 Strategic Planning Specialist position effective June 1, 2018. Initial Appeal File (IAF), Tab 4 at 13. The appellant filed her Board appeal on December 1, 2018, IAF, Tab 1, and the agency moved to dismiss the appeal as untimely filed. IAF, Tab 4 at 5-11. The administrative judge granted the agency's motion and issued an initial decision dismissing the appeal as untimely filed. IAF, Tab 7, Initial Decision (ID). The initial decision, issued on February 15, 2019, informed the appellant that a petition for review must be filed with the Board by March 22, 2019, or, if the appellant proved that she received the initial decision more than 5 days after the date it was issued, then she could file a petition for review within 30 days of the date that she actually received the initial decision. ID at 4.

The appellant filed a petition for review on April 18, 2019, asserting that she was "mentally incapacitated and unable to proceed mentally." Petition for Review (PFR) File, Tab 1. The Clerk of the Board informed the appellant that her petition was untimely filed and afforded her the opportunity to file a motion to accept the filing as timely and/or to waive the time limit for good cause. PFR File, Tab 2 at 2. The Clerk also informed the appellant that such a motion must be accompanied by a statement signed under penalty of perjury or an affidavit. *Id.* The appellant did not respond. The agency has responded to the petition. PFR File, Tab 3.

## ANALYSIS

The Board will accept a petition for review filed beyond the deadline if the appellant establishes circumstances showing that the petition for review was timely filed, e.g., that it was filed 30 days after receipt, or will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.113(d), .114(e)-(g). The party who submits an untimely petition for review has the burden of establishing good cause for the

delayed filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Sanders v. Department of the Treasury*, 88 M.S.P.R. 370, ¶ 5 (2001). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of the party's excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). To establish that an untimely filing was the result of an illness, the party must: (1) identify the time period during which she suffered from the illness; (2) submit medical or other corroborating evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or requesting an extension of time. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 19 (2016); *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

In her petition for review, the appellant states that her best friend died of cancer in October 2018 which resulted in her being hospitalized for mental health issues. PFR File, Tab 1 at 3. She also asserted that three relatives died in January and March of 2019, which extended her mental illness. *Id.* With her petition, the appellant submits copies of medical bills showing that, during December 2018, she received psychiatric evaluations and was hospitalized. *Id.* at 4-5. She also submits copies of four death notices showing she lost her friend in October 2018, two relatives in January 2019, and a relative in March 2019. *Id.* at 6-9.

The appellant's evidence and argument, however, do not justify her delay in filing her petition for review. The appellant's medical treatment and the deaths of her friend and two relatives predated the February 15, 2019 issuance of the

initial decision and thus do not explain the delay in filing between the March 22, 2019 deadline and the April 18, 2019 filing. Although the appellant submitted the death notice of a family member who died on March 24, 2019, and asserts that the death of her relative extended her mental illness, she submits no medical evidence in support of her assertion.

In addition to the assertions raised in the appellant's petition for review, as noted, the Clerk of the Board afforded the appellant an opportunity to submit an explanation for her untimely filing. PFR File, Tab 2. The appellant, however, has not responded.

We note that the appellant is pro se and that her 27-day delay is not very lengthy. Nevertheless, the delay is not minimal. *See Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 11 (2009) (finding an 8-day delay not minimal). Moreover, the Board has consistently denied a waiver of the filing deadline even when the delay is not lengthy and the appellant is pro se if no good reason for an untimely filing is shown. *See, e.g.*, *id.*; *Scott v. Social Security Administration*, 110 M.S.P.R. 92, ¶ 8 (2008) (finding no good cause for an unexplained 11–day delay).

In sum, we conclude that the appellant has failed to show that she exercised the due diligence or ordinary prudence that would justify waiving the deadline for filing a petition for review. Accordingly, we dismiss the petition for review as untimely filed.

This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the removal appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.   Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.